UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIANA BACK,

    Plaintiff

v.

UYEN TRAN, NICOLLE MELANIE ALLEN AND FARIYDA MULRAIN, AS MEMBERS OF THE MASSACHUSETTS CONTRIBUTORY RETIREMENT APPEAL BOARD,

    Defendants

CIVIL ACTION No. 1:25-CV-12639

## COMPLAINT FOR DEPRIVATION OF DUE PROCESS RIGHTS

Plaintiff, Diana Back ("**Plaintiff**" or "**Ms. Back**"), by and through her undersigned counsel, Troutman Pepper Locke LLP, for her complaint against defendants, Uyen Tran, Nicolle Melanie Allen, and Fariyda Mulrain as Members of the Massachusetts Contributory Retirement Appeal Board (collectively, "**Defendants**"), avers as follows:

### I. INTRODUCTION

1. Plaintiff, Diana Back, became disabled while employed as a police officer with the Town of Eastham Police Department. She applied for disability retirement benefits in September 2016. Now, nearly nine years later, Plaintiff is stuck in the seemingly interminable process of appealing the denial of those benefits. Half that time—four and a half years—has been spent simply waiting for Defendants to decide Plaintiff's appeal before the Massachusetts Contributory Retirement Appeals Board ("**CRAB**").

2. Defendants have refused to provide any estimated time frame for completing their review of Plaintiff's appeal. Two and a half years ago, Plaintiff's appeal was supposedly number 71 on their list of appeals to consider; when asked more recently, Defendants declined to state Plaintiff's current position on that list or even whether she had moved up the list at all. It

therefore appears highly likely that Plaintiff's appeal will not be adjudicated at any point in the reasonably foreseeable future.

3. Justice delayed is, of course, justice denied. Plaintiff has a right to have her appeal heard in a timely fashion, and Defendants' failure to do so amounts to a deprivation of her due process rights.

4. To be clear, Plaintiff does not seek any unfair advantage with respect to her disability retirement benefits. She does not seek from this Court a favorable merits-based decision of her appeal before CRAB. Plaintiff asks merely that this Court order Defendants to afford Plaintiff her due process rights and determine her appeal in a reasonable manner and at a reasonable time.

5. Plaintiff therefore brings this action for deprivation of her due process rights under the United States Constitution and the constitution of the Commonwealth of Massachusetts, seeking appropriate injunctive relief to afford her a reasonably timely determination of her pending CRAB appeal.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) because Plaintiff has alleged a deprivation of rights guaranteed to her by the United States Constitution.

7. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in Massachusetts.

## III. PARTIES

8. Plaintiff is an individual residing in Massachusetts.

- 3 -

9. CRAB, although not a party to these proceedings, is a Massachusetts state agency created pursuant to M.G.L. c. 32, § 16(4). CRAB is responsible for hearing and deciding appeals from the denial of disability retirement benefits by the Massachusetts Department of Administrative Law Appeals ("DALA"), which in turn hears and decides appeals from the denial of disability retirement benefits by other governmental entities, including the Barnstable County Retirement Association (the "BCRA"), which is a governmental entity responsible for administering disability retirement benefits in Barnstable County, Massachusetts.

10. Upon information and belief, Uyen Tran is an assistant attorney general who works in Boston, Massachusetts, is a resident of the Commonwealth of Massachusetts, and is a member of CRAB.

11. Upon information and belief, Nicolle Melanie Allen is an attorney practicing law in Boston, Massachusetts, is a resident of the Commonwealth of Massachusetts, and is a member of CRAB.

12. Upon information and belief, Fariyda Mulrain is a resident of the Commonwealth of Massachusetts and a member of CRAB.

### IV. FACTUAL ALLEGATIONS

13. Plaintiff became disabled while employed as a police officer with the Town of Eastham Police Department.

14. On or about September 22, 2016, Plaintiff submitted an application for disability retirement benefits to the BCRA.

15. On May 23, 2018, the BCRA denied Plaintiff's application for disability retirement benefits.

- 4 -

16. Plaintiff timely appealed the BCRA's denial to the Division of Administrative Law Appeals ("DALA") on June 7, 2018.

17. A series of administrative proceedings followed, including pre-hearing orders, memoranda, and hearings.

18. On November 13, 2020, DALA issued a hearing decision denying Plaintiff's appeal.

19. Plaintiff then timely filed objections to DALA's decision on November 20, 2020, and her memorandum in support on December 30, 2020.

20. The BCRA submitted its opposition on January 22, 2021, thereby perfecting Plaintiff's appeal to CRAB.

21. Plaintiff is statutorily prohibited from seeking review of DALA's decision until CRAB decides her appeal. Mass. Gen. Laws Ch. 30A, § 14.

22. In January 2023, more than two years after Plaintiff's appeal was perfected and ripe for decision, Plaintiff's counsel inquired as to the status of Plaintiff's CRAB appeal.

23. On January 25, 2023, Defendant Tran replied that the matter was "number 71 on our list of pending appeals" and that CRAB was "making every effort to address the backlog of pending appeals . . . as efficiently and expeditiously as possible."

24. On May 21, 2025—approximately two and one half years after CRAB indicated that Ms. Back's appeal was "number 71 on [its] list of pending appeals" and that it was working "as efficiently and expeditiously as possible,"—Plaintiff's counsel inquired again as to the status of Plaintiff's CRAB appeal.

25. In response, Defendants refused even to inform Plaintiff's counsel what number Plaintiff's appeal was on the list of CRAB's pending appeals.

- 5 -

26. As of the filing of the instant complaint, the administrative process regarding Plaintiff's application for disability benefits has consumed almost nine years of her life and her appeal to CRAB, which has yet to issue a decision, has been pending for more than four and a half years.

27. Upon information and belief, CRAB meets only once monthly to decide appeals from disabled individuals, such as Plaintiff. *See* Exhibit A.

28. The administrative process involving Plaintiff's application for disability benefits, particularly her appeal to CRAB, has been unduly delayed, which has deprived Plaintiff of her due process rights.

## V.  CAUSES OF ACTION

### COUNT I – DEPRIVATION OF DUE PROCESS RIGHTS
### (U.S. CONST. AMEND. XIV AND MASSACHUSETTS STATE CONSTITUTION AND IN VIOLATION OF 42 U.S.C. § 1983)

29. Plaintiff respectfully incorporates the preceding paragraphs as if fully set forth herein.

30. Plaintiff has a right, under the Fourteenth Amendment of the United States Constitution, to procedural due process with regard to the determination by CRAB of her appeal for disability retirement benefits. Those procedural due process rights include the right to be heard at a reasonable time and in a reasonable manner.

31. With nearly nine years having elapsed since Plaintiff first sought retirement benefits, four and a half of those years being spent waiting for a decision from CRAB, and with no apparent end in sight regarding receipt of such a decision, Plaintiff is being denied her right to procedural due process due to Defendants' unreasonable delay and lack of fair procedures.

32. Plaintiff has attempted to avail herself of the protections afforded by the administrative processes attendant to her application for disability retirement benefits, but that process, whether by design or by the manner in which it is implemented and carried out, has and continues to deprive Plaintiff of her right to an adjudication of her appeal within a reasonable time, and that deprivation is, in light of all the relevant facts and circumstances, unjustified.

33. Each of the Defendants is responsible for the deprivation of due process set forth above, in their official capacities as members of CRAB.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant Plaintiff a preliminary injunction compelling Defendants to process Plaintiff's appeal within thirty (30) days;

B. Declare that Defendants' inaction has violated Plaintiff's due process rights;

C. Award Plaintiff reasonable attorneys' fees and costs; and

D. Grant such other and further relief as the Court deems just and proper.

DIANA BACK

By her Attorney,

Dated: September 17, 2025

/s/ *Richard D. Glovsky*
Richard D. Glovsky (BBO# 195820)
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue
Boston, MA  02199
617-239-0100
richard.glovsky@lockelord.com